**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 200491-U

Order filed July 11, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| U.S. BANK TRUST, N.A., as Trustee for LSF10 Master Participation Trust, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | |
| STEVE S. YUN; YOON JOO OH; AUGUSTA VILLAGE HOMEOWNERS' ASSOCIATION; CITIZENS BANK, N.A., f/k/a RBS CITIZENS BANK, N.A.; UNKNOWN OWNERS and NON-RECORD CLAIMANTS, | ) ) ) ) ) ) ) | Appeal No. 3-20-0491 Circuit No. 17-CH-159 |
| Defendants | ) ) | |
| (Steve S. Yun, | ) ) | The Honorable Theodore J. Jarz, |
| Defendant-Appellant). | ) | Judge, presiding. |

_____

JUSTICE DAUGHERITY delivered the judgment of the court.
Justices Hauptman and McDade concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   In an appeal in a mortgage foreclosure case, the appellate court held that it lacked appellate jurisdiction to review the merits of several various interlocutory orders

that the trial court had entered. The appellate court, therefore, dismissed the appeal for lack of appellate jurisdiction.

¶ 2        Former plaintiff in this case, Federal National Mortgage Association (Fannie Mae), filed an action against defendant, Steve S. Yun, and others seeking to foreclose upon a mortgage held on certain real property owned by defendant in Will County, Illinois. U.S. Bank Trust, N.A., as trustee for a certain trust (U.S. Bank Trust), later acquired Fannie Mae's interest in the mortgage and was substituted as the plaintiff in this case. During the course of prejudgment proceedings, the trial court entered several various interlocutory orders, including ones that dismissed defendant's second amended affirmative defenses and counterclaims, denied defendant's motions for default judgment, and awarded an amount of attorney fees against defendant. Defendant appealed. We dismiss this appeal for lack of appellate jurisdiction.

¶ 3                                              I. BACKGROUND

¶ 4        As best as we can glean from the record, the facts in this case can be summarized as follows.[1] In January 2017, Fannie Mae filed a complaint in the trial court to foreclose upon a mortgage held on certain residential real property owned by defendant in Bolingbrook, Will County, Illinois. The complaint alleged, among other things, that defendant had defaulted on his payment obligations under a certain note, that the note was secured by a mortgage on the subject property, and that Fannie Mae was the current holder of the note. A copy of the note and mortgage were attached to the complaint.

---

[1] We have not been presented with a report of proceedings or the equivalent thereof in this appeal. Defendant as the appellant bears the burden to present a sufficiently complete record of the proceedings in the trial court to support his claims of error. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Therefore, any doubts that arise from the incompleteness of the record in this case will be resolved against defendant. See *id.* at 392.

¶ 5    Over the next several years, the parties litigated this case with various proceedings taking place in the trial court. Defendant represented himself in those proceedings. In April 2018, defendant filed his original answer, affirmative defenses, and counterclaims to Fannie Mae's complaint. Fannie Mae did not answer or respond to defendant's pleading, and the trial court entered a default judgment for defendant and against Fannie Mae barring Fannie Mae from answering defendant's affirmative defenses and counterclaims. Fannie Mae later filed a motion to substitute U.S. Bank Trust as the plaintiff in this case based upon a transfer or assignment of the note and mortgage. Defendant opposed the motion to substitute.

¶ 6    In October 2018, after full briefing and a hearing on the matter, the trial court granted Fannie Mae's motion to substitute U.S. Bank Trust as the plaintiff in this case. U.S. Bank Trust subsequently filed an amended motion to strike defendant's original affirmative defenses and counterclaims.[2]

¶ 7    In January 2019, on U.S. Bank Trust's motion, the trial court vacated the default judgment that had previously been entered. Defendant filed a motion to reconsider that ruling, which the trial court subsequently denied.

¶ 8    In April 2019, the trial court granted U.S. Bank Trust's amended motion to strike defendant's original affirmative defenses and counterclaims but granted defendant leave to amend. Later that same month, defendant filed a motion to add Fannie Mae, Seterus, Inc. (the previous servicer), and Caliber Loans, Inc. (the current servicer) as counter-defendants in this case. The trial court subsequently struck defendant's motion.

---

[2] U.S. Bank Trust had filed an initial motion to strike before it had been substituted as the plaintiff in this case.

¶ 9    The following month, in May 2019, defendant filed his first amended affirmative defenses and counterclaims. U.S. Bank Trust later filed a motion to dismiss and strike that pleading.

¶ 10    In September 2019, a hearing was held on defendant's motion to add counter-defendants and U.S. Bank Trust's motion to dismiss and strike. After full briefing and oral arguments on the matters, the trial court denied defendant's motion to add counter-defendants and took U.S. Bank Trust's motion to dismiss and strike under advisement. As to defendant's motion, the trial court's written order specifically stated that "[d]efendant [was] not permitted to add Fannie Mae, IBM, Seterus, or [Caliber] as counter-defendants in this case."[3] Defendant subsequently filed a motion to reconsider, which the trial court denied. About two months later, in November 2019, the trial court entered an order granting U.S. Bank Trust's motion to dismiss and strike defendant's first affirmative defenses and counterclaims but granted defendant leave to amend.

¶ 11    In December 2019, defendant filed his second amended affirmative defenses and counterclaims. Despite the trial court's previous ruling, defendant added Fannie Mae, IBM/Seterus, and Caliber as counter-defendants in the second amended pleading. U.S. Bank Trust subsequently filed a motion to dismiss and strike that pleading, and defendant filed motions for default judgment against Fannie Mae, IBM/Seterus, and Caliber. Fannie Mae responded with a motion for civil contempt against defendant for adding Fannie Mae as a counter-defendant in the second amended pleading despite the trial court ordering defendant not to do so. In the alternative, Fannie Mae sought dismissal with prejudice of the applicable counterclaims.

_____

[3] IBM was alleged to be the owner of Seterus.

4

¶ 12    In June 2020, after full briefing on U.S. Bank Trust's motion to dismiss and strike, the trial court entered a written order taking the motion under advisement. The trial court's written ruling also denied defendant's motions for default judgment.[4]

¶ 13    The following month, in July 2020, the trial court entered a written order granting U.S. Bank Trust's motion to dismiss and strike defendant's second amended affirmative defenses and counterclaims with prejudice. The trial court's written ruling also allowed Fannie Mae to refile its motion for a finding of civil contempt against defendant, after a previous order had indicated that Fannie Mae had withdrawn the motion as moot. Defendant filed a motion for reconsideration of the July 2020 ruling, which the trial court subsequently denied.

¶ 14    In October 2020, the trial court granted Fannie Mae leave to file an affidavit of attorney fees in support of its civil contempt motion. Defendant subsequently filed a counter-affidavit contesting the amount of attorney fees that Fannie Mae was seeking.

¶ 15    The following month, in November 2020, after full briefing on the contempt motion, the trial court entered a written order granting Fannie Mae's request for an award of $9,800 in attorney fees against defendant. In its written ruling, the trial court made no specific finding of civil contempt. Defendant filed the instant self-represented appeal to challenge several of the trial court's prejudgment rulings. None of those rulings contained an Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) finding.

¶ 16                                    II. ANALYSIS

¶ 17    On appeal, defendant challenges several of the trial court's prejudgment rulings. Specifically, defendant asserts that the trial court erred when it entered its: (1) September 2019

_____

[4] The trial court entered two similar orders as to the June 2020 proceedings, one drafted by Fannie Mae's attorney and the other drafted by defendant. The trial court also entered two orders for some of the other proceedings in this case for various reasons.

5

order denying defendant's motion for a default judgment against Fannie Mae and barring defendant from adding Fannie Mae as a counter-defendant (and defendant's subsequent motion to reconsider that ruling); (2) June 2020 order denying defendant's motions for default judgment against Fannie Mae, Seterus/IBM, and Caliber; (3) July 2020 order granting U.S. Bank Trust's motion to dismiss defendant's second amended affirmative defenses and counterclaims (and defendant's subsequent motion to reconsider that ruling); and (4) November 2020 order granting Fannie Mae's request for an award of attorney fees from defendant (possibly for civil contempt). Defendant contends that the trial court's rulings were erroneous because, among other things, the trial court: failed to conduct a thorough analysis of each individual affirmative defense and counterclaim and instead considered those affirmative defenses and counterclaims only in the aggregate; found that the affirmative defenses and counterclaims lacked legal and factual support, despite defendant pointing out that support in his pleadings; failed to recognize that a default judgment that had been entered earlier in the case against Fannie Mae and for defendant was still in existence; incorrectly concluded that subsequent holders of the note and mortgage could not be held liable for statutory violations committed by prior loan servicers; confusingly ruled that defendant could not add Fannie Mae as a counter-defendant in the case, even though Fannie Mae was already a counter-defendant in the case, and found defendant in civil contempt for allegedly violating that order; and entered an award of attorney fees against defendant in an amount that was unacceptable. For all of the reasons stated, defendant asks that we reverse the prejudgment rulings at issue and that we remand this case for further proceedings.

¶ 18        In response to defendant's assertions, U.S. Bank Trust and Fannie Mae make several arguments. First, U.S. Bank Trust and Fannie Mae argue that appellate jurisdiction is lacking and that this appeal should be dismissed because no final judgment has been entered in this

6

case.[5] U.S. Bank Trust and Fannie Mae reach that conclusion—that no final judgment exists—based upon the following contentions: (1) an order confirming sale of the subject property, which usually serves as the final judgment in a mortgage foreclosure action such as this one, has not yet been entered in this case; (2) none of the prejudgment rulings were final judgments in and of themselves;[6] and (3) none of the prejudgment rulings contained a Rule 304(a) finding. Second, and in the alternative, U.S. Bank Trust and Fannie Mae argue that defendant has forfeited his claims on appeal by failing to support those claims with reasoned argument and citations to relevant legal authority. Third, and also in the alternative, U.S. Bank Trust and Fannie Mae argue that the trial court's rulings were proper and should be upheld and that defendant has failed to present any basis on appeal to justify a reversal of the trial court's rulings. For those reasons, U.S. Bank Trust and Fannie Mae ask that we dismiss this appeal for lack of appellate jurisdiction or, in the alternative, that we affirm the trial court's judgment.

¶ 19    In reply, defendant argues first that the trial court's prejudgment rulings constituted final and appealable judgments because the trial court ultimately dismissed defendant's affirmative defenses and counterclaims with prejudice and because there was nothing left to do in this case but to enforce the judgment. Thus, defendant contends that appellate jurisdiction exists in this case. Second, defendant denies that he forfeited any of his arguments on appeal and asserts instead that he has properly set forth and supported his arguments. Third, as to the merits,

---

[5, 6] To the extent that U.S. Bank Trust is able to raise arguments on appeal about a trial court ruling that did not directly apply to it, U.S. Bank Trust seems to suggest that the trial court found defendant in contempt and that the trial court's ruling in that regard (the November 2020 ruling) was a final and appealable judgment. Fannie Mae asserts that the trial court did not specifically find defendant in contempt and that the November 2020 ruling was not a final and appealable judgment. We have set forth Fannie Mae's position above because Fannie Mae was the entity that was directly affected by the trial court's ruling in that regard.

defendant reiterates some of his previous arguments. Defendant again asks, therefore, that we reverse the trial court's rulings and that we remand this case for further proceedings.

¶ 20    It is well settled that the appellate court has a duty to determine if jurisdiction to hear an appeal exists and to dismiss the appeal if jurisdiction is lacking. See *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 539 (1984). Absent a supreme court rule exception, the jurisdiction of the appellate court is limited to reviewing appeals from final judgments. See *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 22. A final and appealable judgment is one that determines the litigation on the merits of the parties' claim or some definite part thereof so that the only remaining action to be taken is to proceed with execution of the judgment. See *id.* ¶ 23; *In re Estate of French*, 166 Ill. 2d 95, 101 (1995).

¶ 21    In a mortgage foreclosure case, such as the one involved in this instant appeal, matters proceed somewhat differently than in other civil cases. *North Community Bank v. 17011 South Park Ave., LLC*, 2015 IL App (1st) 133672, ¶ 25. A mortgage foreclosure case follows a bifurcated procedure in which the trial court first enters a judgment of foreclosure and sale and, then, after the sale has taken place, enters an order approving or confirming the sale (order approving sale) and distributing the sale proceeds. *Id.* It is the second order—the order approving sale—that closes the case and terminates the foreclosure proceedings and is the final and appealable judgment. *Id.* Any potentially final order that comes before the order approving sale in a mortgage foreclosure proceeding is not a final and appealable judgment unless the trial court makes an express written finding under Supreme Court Rule 304(a) that there is no just reason for delaying either enforcement or appeal of the order or both. See Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016); *In re Marriage of Gutman*, 232 Ill. 2d 145, 150-51 (2008); *17011 South Park Ave., LLC*, 2015 IL App (1st) 133672, ¶¶ 25-27.

8

¶ 22        In the present case, after reviewing the record before us, we find that the prejudgment rulings challenged by defendant were not final and appealable judgments. See *Blumenthal*, 2016 IL 118781, ¶ 23; *French*, 166 Ill. 2d at 101. We reach that conclusion for four main reasons. First, an order confirming sale, which normally serves as the final and appealable judgment in a mortgage foreclosure action (see *17011 South Park Ave., LLC*, 2015 IL App (1st) 133672, ¶ 25), has not yet been entered in this case. Second, none of the challenged prejudgment rulings included a Rule 304(a) finding. Thus, even if any of the prejudgment rulings were deemed to be final judgments, they could not be considered to be final and appealable judgments. See Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016); *Gutman*, 232 Ill. 2d at 150-51; *17011 South Park Ave., LLC*, 2015 IL App (1st) 133672, ¶¶ 25-27. Third, the dismissal of a defendant's affirmative defenses and counterclaims is generally not a final and appealable judgment, unless the trial court makes a Rule 304(a) finding as to that ruling. See *CitiMortgage, Inc. v. Bukowski*, 2015 IL App (1st) 140780, ¶ 13 (indicating, although somewhat implicitly, that the dismissal of the defendant's affirmative defenses was not a final and appealable judgment); *17011 South Park Ave., LLC*, 2015 IL App (1st) 133672, ¶ 26 (recognizing that the dismissal of the defendant's counterclaim was not a final and appealable judgment). Fourth and finally, although an order imposing a monetary or other penalty for contempt is a final and appealable judgment (see Ill. S. Ct. R. 304(b)(5) (eff. Mar. 8, 2016)), there is no clear indication in this case that the trial court found defendant in contempt. The November 2020 written order did not include such a finding, and defendant has not provided us with a report of proceedings or the equivalent thereof from that court hearing to establish that a finding of contempt was made. We cannot conclude, therefore, that the trial court made a finding of civil contempt or that the November 2020 order was a final and appealable judgment. See *Foutch*, 99 Ill. 2d at 392 (indicating that any doubts that arise

9

from an incomplete record will be resolved against the appellant because the appellant is the one who bears the burden on appeal to present a sufficiently complete record of the trial court proceedings to support his claims of error).  Because we find that none of the trial court's contested rulings were final and appealable judgments, we must conclude that we lack jurisdiction to consider the merits of defendant's arguments on appeal.  See *Blumenthal*, 2016 IL 118781, ¶ 22.  We, therefore, dismiss this appeal for lack of appellate jurisdiction.  See *Archer Daniels Midland Co.*, 103 Ill. 2d at 539.

¶ 23                                    III. CONCLUSION

¶ 24        For the foregoing reasons, we dismiss this appeal for lack of appellate jurisdiction.

¶ 25        Appeal dismissed.